Pearl L. Falls, Appellee, v. Peter Visser and John Decker, Trading as Visser & Company, Appellants.

Gen. No. 32,833.

Opinion filed December 19, 1928.

HARRY H. FELGAR and SAMUEL SPITZER, for appellants.

MARSHALL & MARSHALL, for appellee; FRANK G. MARSHALL, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

The action in this case is in assumpsit. The plaintiff Pearl L. Falls made, executed and delivered her certain check for $2,000 to the defendants Peter Visser and John Decker, copartners doing business as Visser & Company. The check was delivered as part of the purchase price of a dwelling house under a contract dated October 1, 1925, which was, in fact, drawn up and prepared, but never signed by the parties and the transfer of the property to the plaintiff never consummated. The check bore on its back the indorsement: "On account to be credited under contract for sale of 543 Jackson Avenue, River Forest, Illinois, as improved. Dated October 1, 1925." The check was dated and delivered October 10th.

Upon the trial of the cause the trial court instructed the jury to find the issues for the plaintiff and to assess the damages at the sum of $2,241.66, the same being principal and interest, and entered judgment on the verdict and it is from this judgment that this appeal is perfected.

The facts show that Visser and Decker were copartners engaged in the business of building and selling homes and dwellings and that on or about July 1, 1925, they were engaged in building a dwelling house on the premises known as 543 Jackson Avenue,

River Forest. The title to the property appears to have been in John Decker, a married man. The evidence shows that the plaintiff in the early part of July, 1925, was desirous of purchasing the premises and the building to be erected thereon, and talked with Visser about the building and examined the blue prints and plans and discussed with him certain changes that were to be made in the plans and specifications. The original intended cost of the building was $34,000, but by reason of the change of the plans, it was agreed that the purchase price was to be $36,000. At this time Visser submitted a contract to the plaintiff and she paid him $200, as earnest money, but the contract was not signed because it did not contain the desired changes requested by her, nor were the terms entirely agreeable.

Plaintiff left for Colorado in the latter part of August and instructed Mr. Visser that any matters in regard to the house could be taken up with her husband. It appears further that the house was to be ready for occupancy on or about November 10th. On October 1st, Mr. Visser appeared at the office of one Marshall who was, at the time, acting for the plaintiff as her attorney and delivered to him a Torrens certificate of title to the premises. On the same day Marshall prepared the contract, dated October 1st, which recited the down payment of $8,000. The contract provided further that $8,000 additional was to be paid upon the completion of the building and the balance of $20,000 to be covered by the giving of a note and trust deed by the plaintiff.

It appears from the record that Decker at this time was in Florida with his wife, and plaintiff insisted that the contract should be signed by Decker and his wife, but this was never done.

On or about November 1st, plaintiff had some of her furniture placed in said building. She states in

her examination that she expected the building to be hurried and ready for occupancy shortly thereafter, but that the defendants were slow in the construction and only had one man working on the premises.

On November 3rd, Marshall telephoned Visser to come to his office and sign the contract and Visser did call the next day and brought with him the contract which had been sent to him in October. It appears from the facts, however, that this contract when returned by Visser had an additional clause attached thereto which provided that all payments mentioned in the contract between Visser & Company and Falls should be made before said building was to be occupied. Marshall testified that Visser was never ready to sign the contract dated October 1st.

It is clear from the evidence that there never was a written contract between the parties. It is also clearly apparent from the various drafts of the contract that were prepared that the premises were to be ready for occupancy by November 10th. It is also apparent that the premises were not ready for occupancy November 10th and that no contract was, in fact, ever signed by the parties. At the request of Visser the plaintiff advanced $2,000 in accordance with the indorsement placed on the back of the check dated October 10, 1925. From a reading of this indorsement it would appear that the $2,000 was to be applied on the first payment under the contract and to be so credited. There having been no contract signed and entered into between the parties, the purpose of the $2,000 payment was not accomplished. There was no meeting of the minds of the parties and it appears that during the course of negotiations the terms of the agreement were varied and altered from time to time and never definitely decided upon. From a reading of the record it appears that such efforts as were made

to procure a contract between the parties were mostly on the part of the plaintiff.

The Supreme Court of this State in the case of *Scott v. Fowler,* 227 Ill. 104, in its opinion says:

"An acceptance must conform exactly to the offer, and if it contains new conditions there is no contract. (*Maclay v. Harvey,* 90 Ill. 525; *Gradle v. Warner,* 140 id. 123)."

The court again in its opinion says:

"The transaction was not a contract so long as anything remained to be done by one of the parties thereto. 'The rule is necessarily universal that both must be bound or neither will be.' (Bishop on Contracts, sec. 318.) The contract was only to be considered complete when the formal prepared agreement was signed by both parties."

In the case at bar it is clear that the terms of the agreement were never completed and, in fact, it is apparent that the contract of October 1st, when returned by Visser, contained a clause changing the meaning of the original contract in its entirety, by providing that all payments should be made when the premises were ready for occupancy. The statute of frauds is not applicable to this case because there never was a contract to purchase the real estate. The only oral agreement entered into between the parties was to the effect that a written contract was to be prepared and signed by the parties which was, in fact, not done. The payment of the plaintiff on October 10th to Visser was based upon the assumption that the agreement of October 1st would be duly executed. The action of Visser in returning the contract, after the receipt of the money, with an entirely new condition and with different terms of payment, was in our opinion sufficient to vacate the entire transaction and require the return of the money to the plaintiff. The condition under which the check was made and delivered, as contained in the indorsement on its back, clearly indicated

that it was under the terms of the contract of October 1st and not under the terms of a subsequent and different agreement.

A jury, under the evidence in this case, could give no verdict other than one in favor of the plaintiff, and, in the event it did otherwise, the verdict should be set aside. Where the evidence, with all reasonable inferences to be drawn therefrom, requires a particular verdict, and any other verdict, if returned, must be set aside, a request for an instructed verdict should be granted and the instruction given. *Ferrero v. National Counsel of Knights and Ladies of Security,* 309 Ill. 476, 478.

For the reasons stated in this opinion the judgment of the circuit court is affirmed.

*Judgment affirmed.*

HOLDOM, P. J., and RYNER, J., concur.