## S. W. Coe and Company, Appellant, v. Donald M. Douglass, Appellee.

### Gen. No. 9,581.

Opinion filed March 12, 1948. Rehearing denied May 4, 1948. Released for publication May 5, 1948.

WILSON & WRIGHT and VAUGHT, ROBINSON & FOREMAN, all of Jacksonville, for appellant.

BELLATTI, ARNOLD & FAY and EDWARD J. FLYNN, all of Jacksonville, for appellee.

MR. JUSTICE HAYES delivered the opinion of the court.

Plaintiff, S. W. Coe & Company, employed defendant Donald M. Douglass, in its small loan business under a contract which provided among other things that defendant was to be paid one hundred fifty dollars per month, "said sum to be subject to such modification or changes as the employer may deem necessary, expedient or merited by the employee . . . ." The contract further provided that defendant was not to divulge information concerning "earnings, finances, loans, method of operation, systems or records of the employer; or the bulletins, reports, manuals of instructions or orders; or the names of the past, present or prospective borrowers, endorsers, sureties, securityholders, business customers or associates of the employee." Defendant further agreed that after termination of his employment he would not in any way directly or indirectly "engage in any business competitive with that of his employer in any city or county within fifty miles of any office of his employer for a period of two years after the termination of his employment for any cause." Defendant was employed by plaintiff from October 1, 1945 to January 6, 1947. On the latter date defendant entered the employ of a competitor of plaintiff in the City of Jacksonville.

Plaintiff filed suit in January of 1947, in the circuit court of Morgan county seeking to enjoin defendant from disclosing information obtained while he was employed by plaintiff and from engaging in any competitive business until January 6, 1949. Defendant filed a motion to strike which was sustained by the court and the cause was dismissed for want of equity. Plaintiff has appealed to this court.

■ Defendant argues here that plaintiff has failed to allege facts which show that unless the injunction were granted, plaintiff would suffer irreparable loss. His motion to strike, however, failed to allege this defect. True, that motion alleges that the complaint fails to state a cause of action but section 45 of the

Civil Practice Act, ch. 110, par. 169, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 104.045], states that ''such motion shall point out specifically the defects complained of.'' Defendant's motion failed to do this.

■ ■ The motion to strike also alleged that the contract was wanting in mutuality. Defendant argues that the contract imposed obligations upon him but none upon plaintiff; that the salary clause provided no minimum salary and that pursuant to its terms plaintiff could reduce defendant's salary to the vanishing point. The complaint alleges, and defendant by its motion admits, that after working for plaintiff for one year ''defendant left the employment of the plaintiff without any cause on plaintiff's part but solely for the purposes . . . of becoming the manager of a competitive small-loan business in the City of Jacksonville, Illinois. . . .'' It thus would appear that there was performance by plaintiff and defendant under the contract. That being so, any indefiniteness in the contract has been made definite by performance. *Smithereen Co. v. Renfroe,* 325 Ill. App. 229, 59 N. E. (2d) 545. In the case just cited, a similar contract was upheld against charges that it lacked mutuality. We believe that the contract here is likewise invulnerable to such a challenge.

The judgment of the circuit court of Morgan county is reversed and the cause remanded to that court with directions to overrule defendant's motion to strike the complaint.

*Reversed and remanded with directions.*