Henry C. Nelson, Appellee, v. Paul G. Fricke, Appellant.

**Gen. No. 10,252.**

Opinion filed October 14, 1948. Released for publication November 2, 1948.

THOMAS & DAVIS, of Rockford, for appellant; CHARLES H. DAVIS, of Rockford, and HENRY H. CALDWELL, of counsel.

CLIFFORD A. PEDDERSON, of Rockford, for appellee.

274

Mr. Presiding Justice Wolfe delivered the opinion of the court.

Henry C. Nelson filed a complaint in the circuit court of Winnebago county against the defendant, Paul G. Fricke, in which he charged that in July 1944, he purchased from the defendant Lot 13 (giving a legal description thereof), in the City of Rockford, Illinois; that at the time he purchased this lot, he also purchased another lot, which was improved with a dwelling house, and that he agreed to pay the defendant for the said house and two lots, the sum of $7,500; that he paid the defendant for said property from his own funds, and from the proceeds of a mortgage obtained on the improved real estate, which had been previously conveyed by the defendant to the plaintiff, a total of $5,323; that he gave to the defendant for the unpaid balance of the purchase price for said two lots and house, a second mortgage on the improved lot for $2,177; that the defendant as a further security, retained the title to said Lot 13, and promised to convey and transfer said lot when plaintiff had paid the entire balance due under the second mortgage.

The complaint further charges that the plaintiff has paid in full, the balance due defendant, under the second mortgage, and has requested a transfer and conveyance to him of said Lot 13, but defendant has failed, and refused to convey the same; that said lot at the time plaintiff purchased it from the defendant, had a fair cash market value of $1,000, and still has a fair cash market value of said amount, or more; that the defendant mailed to the plaintiff, tax bills for the 1944 taxes on Lot 13, and the plaintiff has paid the real estate taxes on said lot for the year 1944 and 1945; that plaintiff has been in possession of said property since July 1944, and has spent $100 for filling dirt in the lot, and $100 for building sidewalks and other improvements on the same. He asked judgment against the defendant for $1,200. The defendant filed his answer in

which he admitted that the plaintiff purchased Lot 14, and states that the agreed price for said lot was $7,500. He admits the payments, as claimed by the plaintiff, but denies that there was ever any written, or verbal agreement between the plaintiff and the defendant, relative to the purchase of Lot 13. He admits that plaintiff demanded that he convey Lot 13 to him and that he refused to do so. He admits that plaintiff has paid the taxes on Lot 13, but avers that plaintiff agreed to do so for the use of the lot which adjoins Lot No. 14, and that he (the plaintiff), has been in possession of the same since July 1944. The defendant was granted leave to amend his answer. Paragraph 10 is as follows: ''That the alleged claim on which this action or suit is founded is unenforceable under the provisions of the Statutes of Frauds.''

The case was submitted to a jury who found the issues in favor of the plaintiff, and assessed his damages at $1,000. The defendant filed a motion for judgment notwithstanding the verdict, or in the alternative for a new trial. The court overruled both motions and entered judgment in favor of the plaintiff for $1,000, and it is from this judgment that the appeal has been perfected to this court.

After reading the abstract of the evidence, it is our conclusion that it clearly sustains the contention of the appellee, that as part of the purchase price of $7,500, the defendant agreed to convey to the plaintiff, Lot No. 13, and that the plaintiff has fully complied with his part of the oral agreement. In fact, in appellant's written argument there is no claim that the verdict of the jury is contrary to the weight of the evidence, but he does charge that there is no competent evidence in the record to sustain the judgment, because it violates the Parole Evidence Act.

It is claimed by the appellant that the appellee cannot recover, because the contract in question violates some section of the statute of frauds. It will be

276

observed that this is a suit at law to recover money, which the plaintiff has paid the defendant for Lot No. 13, which the defendant now refused to convey to him. This suit is not for specific performance, and if it were, no doubt the statute of frauds would apply, and the plaintiff could not recover.

The law relative to the issues in this case, is well stated in volume 49, The American Jurisprudence, section 563 at page 868 in part, is as follows: "It is settled practically without dispute that the purchaser of land or an interest therein under a contract which does not satisfy the statute of frauds may recover, as upon an implied promise, the amount which he has paid as a deposit, or upon the purchase price, where the vendor, without fault on the part of the vendee, is unable or refuses to perform the contract by conveying such title or interest as the contract calls for. It would be unjust and inequitable to permit the vendor to re-take possession of the property without repaying the purchase money paid to him. If he is allowed to retain both the land and the money paid therefor, he would in effect be allowed to invoke the aid of the statute to perpetrate a fraud.

"It will be noted that the rule does not give effect to the oral agreement contrary to the statute, but the recovery rests upon an implied promise raised by law upon the part of the vendor to restore what he receives from the purchaser in consideration of the agreement which cannot be enforced against him and which he is unable or unwilling to perform. Under this rule, where, under a parol contract to convey land, the full amount of the purchase money is paid, the vendee enters into possession, and the vendor afterward repudiates the contract by refusing to make a deed for the land, the purchaser may recover the price of the land so paid by him."

Corpus Juris Secundum, vol. 37, page 778, par. 256, relative to the statute of frauds, has this to say:

"Where a party to a contract unenforceable by reason of the statute of frauds refuses to go on with the contract after having received a part of the consideration from the other party, the consideration received by him may be recovered on an implied promise to pay. Thus, when the vendor under an oral contract declines to perform and sets up the statute of frauds, an action at law will lie against him for any part of the purchase price which he has received." *Falls v. Visser,* 250 Ill. App. 481. There are numerous other Supreme and Appellate Court cases that support the text, both in American Jurisprudence and Corpus Juris Secundum.

It is our conclusion that the statute of frauds does not apply to the facts in this case, and the judgment of the trial court should be, and is hereby affirmed.

*Judgment affirmed.*