Danville Producers Dairy, for the Use of Employers Mutual Liability Insurance Company of Wisconsin, Plaintiff-Appellant, v. Preferred Risk Mutual Insurance Company, Defendant-Appellee.

## Gen. No. 48,330.

First District, Second Division.
December 5, 1961.
Rehearing denied January 16, 1962.

Price, Noetzel & Schlager, of Chicago (Herbert T. Price, William J. Thomas and Roger J. Boylan, of counsel), for appellant.

Treacy & Breen, of Chicago (John J. Treacy, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court:

This is an appeal from a judgment against plaintiff in an action at law brought by a workmen's compensation insurance company against the liability insurance company of the driver of an auto which caused the death of an employee of the plaintiff's insured. Plaintiff seeks to recover from defendant insurer the amount of compensation death benefits which plaintiff paid to the employee's widow, a total of $9,248.

The complaint alleged that Preferred Risk made a settlement with and paid money to the widow-administratrix, and thereby:

1. Violated the subrogation rights granted plaintiff by the provisions of Section 5(b) of the Workmen's Compensation Act, which requires written consent of the employer before payment of any settlement or judgment;

2. Violated plaintiff's subrogation lien by disregarding plaintiff's notice thereof and demand thereunder.

Defendant moved to dismiss and for judgment on the ground that it appears on the face of the statement of claim and from the attached affidavit that plaintiff failed to state a cause of action against this defendant specifically in that plaintiff's only remedy for recovery of its subrogated interest lay in an action against either the widow-administratrix or the third party tortfeasor (defendant's insured), and also on the ground that any action against this or any other defendant was barred by the statute of limitations. The trial court sustained the motion on both grounds.

The relevant dates underlying the present action are as follows. On December 29, 1956, the employee

of Danville Producers Dairy was killed in the course of his employment when his truck collided with the auto driven by defendant's insured, John Grace. On February 1, 1957, the employee's widow filed a wrongful death action against Grace. Due notice of the filing of that action was served on the employer, Danville Producers Dairy, the plaintiff in the present action. Plaintiff did not intervene in the Douglas County proceeding, but relied instead upon a lien notice. On December 27, 1957, the death action was settled for $16,000, a release was executed and the suit was dismissed. Notice of the settlement and release was sent to Employers Mutual, although there is some dispute as to whether it was received within one week or three months. However, the consent of Employers Mutual, or the employer, to the settlement and release was not obtained, nor was any release of lien obtained, and no payment in whole or partial satisfaction of the lien was made. Prior to the settlement of the wrongful death action, Employers Mutual had commenced payment of compensation death benefits to the widow, and had served notice on the defendant that it was claiming a subrogation lien pursuant to Section 5b of the Illinois Compensation Act. Ill Rev Stat 1959, c 48, § 138.5b.

The present suit was instituted on December 28, 1959.

██ On appeal defendant argues initially that the compensation carrier must satisfy the statutory conditions precedent to any right of recovery by proving that the death was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of the third party. Ill Rev Stat 1959, c 48, § 138.5b. This is undoubtedly required by the statute as a condition of plaintiff's right to reimbursement, but this issue was not pre-

361

sented below and is irrelevant here in that the defendant in his motion to dismiss and supporting affidavit did not raise any point concerning the existence of contributory negligence. If a pleading is objected to by a motion to dismiss because it is substantially insufficient in law, the motion must specify wherein the pleading is insufficient. Ill Rev Stat 1959, c 110, § 45(1), (2).

█ Section 5b does not specifically prescribe a remedy for the enforcement of the employer's lien rights or a governing statute of limitations. In Schlitz Brewing Co. v. Chicago Ry. Co., 307 Ill 322, 138 NE 658, Section 29 of the old compensation act, prior to the 1935 amendments, was interpreted as requiring that the employer's subrogated action be brought within the period of limitations governing the employee's third party action. The correctness of this view was reaffirmed in Walsh v. Central Cold Storage Co., 324 Ill App 402, at 413, 414, 58 NE2d 325, in the following language:

> ". . . where the employer has paid or become liable to pay compensation for an injury to an employee his action against the third party must be commenced within two years . . . from the time of the injury or death, respectively. Prior to the Joseph Schlitz Brewing Co. decision, the Appellate Court in Elaborated Ready Roofing Co. v. Chicago & W.I.R. Co., 222 Ill App 181, and the United States Circuit Court of Appeals, Seventh Circuit, in the case of Star Brewing Co. v. Cleveland, C.C. & St. L.R. Co., 275 Fed 330, held that the right of action by the employer against a third party was a new right of action and that the period of limitations was five years. We feel, however, that the rule laid down in Joseph Schlitz Brewing Co. v. Chicago Rys. Co., supra, is appli-

cable and that the two-year statute of limitations applies. . . ."

Plaintiff admits that no case has been found holding that the amended act gives the employer a distinct cause of action subject to a different limitation period. He attempts to overcome this by characterizing the settlement as collusive and the present action as one sounding in fraud which would be governed by the Illinois five year statute of limitations accruing from the date of settlement. However, fraud was not alleged in the statement of claim and is not borne out by the facts of the case. Plaintiff received notice of the settlement which was made on December 27, 1957. Even if it were assumed that the notice of settlement was not received until three months later, this left ample time for plaintiff to pursue his right to reimbursement within the governing period of limitations, which we take to be two years. This view is compelled by the cases cited above as to the governing statute of limitations, and by a reading of Section 5b in its entirety wherein the employer's rights derive from the employee's injury or wrongful death. A contrary view would be unwarranted judicial legislation. Furthermore, the language of the Act shows that the lien right is to be satisfied from the money recovered by the employee, where the Act reads: ". . . the said employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party." Defendant's affidavit in support of the motion to dismiss is uncontradicted in its recital of the fact that at no time did the plaintiff seek by separate action against the third party or the widow-administratrix to recover any compensation payments made or payable by plaintiff to the widow.

Our holding that the present action is barred by the statute of limitations is not to be construed as mean-

ing that an employer could not recover from a third party's insurance carrier upon facts supporting an allegation of fraud or collusion. And we do not reach the issue of whether within the appropriate period of limitations an employer may enforce his statutory lien as a separate cause of action against a third party or his insurance carrier. Compare Melohn v. Ganley, 344 Ill App 316, 100 NE2d 780, especially at 324, with Hyland v. 79 West Monroe Corp., 2 Ill App2d 83, at 88, 118 NE2d 636.

The judgment is affirmed.

Judgment affirmed.

FRIEND, P. J. and BURKE, J., concur.