JOHN H. LEE, Exr. of the Will of Joseph K. Carlisle, Deceased, Plaintiff-Appellant, *v.* GERALD CONROY, Defendant-Appellee.

(No. 73-95;

Third District—August 15, 1973.

Medley A. Tornow, of Peoria, for appellant.

Kehr & VanHooreweghe, Ltd., of Chillicothe, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order entered by the Circuit Court of Peoria County, Illinois, which granted a motion to dismiss filed by the defendant and dismissed the plaintiff's third amended complaint.

The plaintiff, John H. Lee, executor of the will of Joseph K. Carlisle, deceased, brought suit to require the defendant, Gerald Conroy, to repay $2,000.00 he had received from the decedent. The decedent had given the defendant a check for this amount, on which was written "Pay't on Bldg." The plaintiff's third amended complaint, which this appeal brings before us, alleges that when the decedent made this payment he intended to enter a written contract for the purchase of a certain building from the defendant; that no written contract was ever executed as anticipated by the decedent; that nothing was ever received for the $2,000.00 payment; and that the return of this sum has been demanded by the plaintiff and refused.

The defendant's motion to dismiss the third amended complaint asks for its dismissal because of its being the same as Count I of the plaintiff's second amended complaint, which was earlier dismissed by the trial court on motion of the defendant for failure to state a cause of action. The third amended complaint differed from Count I of the second amended complaint only in having a copy of the decedent's check attached. The plaintiff let the trial court know, in his unsuccessful motion to vacate the order dismissing his third amended complaint, that he had thought the court's reason for dismissing Count I of his second amended complaint was his inadvertent failure to attach a copy of the check mentioned in the complaint. The defendant's motions to dismiss do not point out in what way the plaintiff's pleadings may be insufficient.

It appears to us that the plaintiff's pleadings do not adequately present his basis for recovery. If the terms of the contemplated sale had not been worked out and there was not even an oral contract for the decedent to purchase the defendant's building, then the statute of frauds would be inapplicable, the decedent would in fact have got nothing for his money, and the plaintiff would be entitled to return of the money. (*Falls v. Visser*, 250 Ill.App. 481, 485.) If an agreement had been reached but not reduced to writing, then the decedent's money would have to be given back if the defendant had repudiated the contract or

were unable to perform, or if the contract had been rescinded by the parties or mutually abandoned. (*Nelson v. Fricke*, 335 Ill.App. 273; *Ryan v. Schoenberger*, 224 Ill.App. 308; 49. Am.Jur., Statute of Frauds secs. 563, 564; 37 C.J.S., Statute of Frauds sec. 256; see Annot., 169 A.L.R. 187.) The decedent's death did not eliminate the need to show some such reason for recovery. (See *Hunt v. Hunt*, 261 N.C. 437, 135, S.E.2d 195.) Therefore the plaintiff's pleadings do not state all the elements of his claim.

■■ On the other hand, a case should not be dismissed on the pleadings, if the pleader desires to amend, unless it is apparent that no cause of action can be stated. (*Dinn Oil Co. v. Hanover Insurance Co.*, 87 Ill. App.2d 206, 211-12; *Fanning v. Lemay*, 78 Ill.App.2d 166, 172.) Furthermore, section 45 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110 sec. 45) requires that a motion to dismiss point out specifically why a pleading is thought to be insufficient. (*Carmack v. Great Am. Indemnity Co.*, 400 Ill. 93, 96; *Danville Producers Dairy v. Preferred Risk Mut. Insurance Co.*, 33 Ill.App.2d 359, 362; *S.W. Coe & Co. v. Douglass*, 334 Ill.App. 195, 196-97), so as to allow the party against whom the motion is directed an opportunity to cure the specified objection by amendment. (*Central Ill. Elec. & Gas Co. v. Scully*, 17 Ill.2d 348, 353.) We believe it is apparent that the plaintiff's pleadings could be amended so as to obviate objections, and that the defendant's motions to dismiss are inadequate for their purpose.

■■ For the reasons given the judgment of dismissal of the Circuit Court of Peoria County is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

STOUDER, P. J., and SCOTT, J., concur.