HATTIE SCHILSON *et al.*, Plaintiffs-Appellants, *v.* MAX WEINBERG, Ex'r of the Estate of Gertrude K. Allen, Deceased, *et al.*, Defendants-Appellees.

(No. 74-173;

Third District—January 20, 1975.

968

Stanley L. Tucker, of Hartzell, Glidden & Tucker, of Carthage, for appellants.

Jerry Brennan, of Keefe, Pierson, Snowden, Gorman & Brennan, of Quincy, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from an order of the circuit court of Hancock County dismissing the amended complaint of plaintiffs Hattie Schilson and others. Plaintiffs are the owners of 77 acres known as the Schilson property, and defendants are the owners of 160 acres known as the Allen property. Defendant Weinberg is the executor of the estate of Gertrude Allen, and the other defendants are the heirs of Gertrude Allen. There exists under the Allen property a title drain which extends under and through the Schilson property. In the original complaint the plaintiffs alleged this tile drain served to drain and benefit both the Allen property and the Schilson property. In the first of two counts it stated that the benefit to the Allen property was much greater than the benefit to the Schilson property in that the tile drain benefited 160 acres of Allen property and only slightly benefited 20 acres of the Schilson property. The original complaint was dismissed on motion of defendant.

The first amended complaint contains four counts. It alleges the tile drain serves to drain and benefit the Allen property and in the alternative that the tile drain either benefits the Schilson property slightly or does not

benefit it at all. It further alleges that the tile drain is broken in several locations, is in a poor state of repair and is causing erosion on the Schilson property in the form of several large holes. It also alleges the drain has been in existence for over 30 years, and plaintiffs are not aware of any agreement, easement or arrangement regarding the drain. Plaintiffs claim they have made demands for repair of the drain and that the defects in the drain are causing damages and resulting in the inability of plaintiffs to farm certain portions of the Schilson property. The first count prays for the repair of the tile drain and the payment of such costs by defendants. The second count is for declaratory judgment pursuant to section 57.1 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 57.1). The third count prays for specific performance of contractual duties and for the defendants to repair the tile drain and to pay the costs of repairing the tile drain. Each of these first three counts prays for such other and further relief as the court may deem equitable and proper. Count four is a separate action at law and prays for damages in the amount of $2,000 and costs of suit.

The court dismissed all four counts of plaintiffs' first amended complaint stating that none of the counts stated a cause of action. Defendants' motion to dismiss asks that the amended complaint be dismissed on the grounds that counts one and four had been previously dismissed and therefore were subject to the doctrine of res judicata and that counts two and three failed to state a cause of action. There are two principal issues on appeal. The first is whether defendants' motion to dismiss is inadequate in its specification of alleged insufficiencies in plaintiffs' first amended complaint, and the second issue is, assuming that defendants' motion is adequate, whether plaintiffs' amended complaint states a cause of action. Plaintiff contends that defendants' motion to dismiss lacks the specificity required by section 45(2) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 45(2)) which states in part: "[T]he motion must specify wherein the pleading or division thereof is insufficient." Plaintiffs further contend, assuming that defendants' motion is found sufficient, that the amended complaint does in fact state a cause of action because defendants have a duty to repair the tile drain under plaintiffs' land. Defendants argue that since plaintiffs did not raise the issue of the sufficiency of defendants' motion to dismiss in the trial court, plaintiffs therefore waived this issue. Defendants argue further that there is no legal duty to repair the tile drain alleged in any of the counts of the amended complaint.

The first issue to be dealt with concerns the sufficiency of defendants' motion to dismiss. Plaintiffs argue that motions with respect to pleadings must point out specifically why a pleading is thought to be insufficient

so that the party against whom the motion is directed has an opportunity to cure the specified objection by amendment, citing *Danville Producers Dairy v. Preferred Risk Mutual Insurance Co.* 33 Ill.App.2d 359, 179 N.E.2d 439, and *Lee v. Conroy*, 13 Ill.App.3d 694, 300 N.E.2d 505. In the *Danville Producers Dairy* case the court stated: "If a pleading is objected to by a motion to dismiss because it is substantially insufficient in law, the motion must specify wherein the pleading is insufficient." (33 Ill.App.2d 359, 362.) This statement was in relation to the defendants raising on appeal the question of contributory negligence. Such issue was not presented in the trial court and defendant did not raise the question of contributory negligence in his motion to dismiss and supporting affidavit. The *Lee* case also uses similar language: "Furthermore, section 45 of the Civil Practice Act * * * requires that a motion to dismiss point out specifically why a pleading is thought to be insufficient. [Citations to *Danville et al.*]" (13 Ill.App.3d 694, 696.) The *Lee* case however also states: "On the other hand, a case should not be dismissed on the pleadings, if the pleader desires to amend, unless it is apparent that no cause of action can be stated." (13 Ill.App.3d 694, 696.) In that case the court held that the plaintiff's pleadings could be amended so as to obviate objections and defendant's motions to dismiss were inadequate.

Defendants counter with the argument that since the issue of the adequacy of defendants' motion to dismiss was not raised in the trial court, it cannot be raised in the appellate court, citing *Zanbetiz v. Trans World Airlines, Inc.*, 72 Ill.App.2d 192, 219 N.E.2d 98, and *Yellen v. Bloom*, 326 Ill.App. 134, 61 N.E.2d 269. In *Zanbetiz* the court held: "Since the sufficiency of the motions was not attacked in the trial court, objections to them cannot be raised here for the first time on appeal." (72 Ill.App.2d 192, 198.) The motion was made in that case by defendant attacking plaintiff's amended complaint for not stating a cause of action. The court noted that defendant's motion did not comply with the provisions of section 45 of the Civil Practice Act and that it did not point out wherein the amended complaint was insufficient as a matter of law. What the court considered materially relevant in that case was the record failed to disclose any objection to the insufficiency of the motions in the trial court. To the same effect is *Bethard v. Mink*, 131 Ill.App.2d 1007, 1009, 267 N.E.2d 707, wherein the court held: "The petitioner filed no motion to strike the pleading or otherwise preserve any objections to its form or its sufficiency and we therefore cannot pass on the issue on appeal."

■■ Since the record here fails to show plaintiffs raised the issue of the sufficiency of defendants' motion to dismiss in the trial court, and in

light of the above cited cases, we hold the issue of the sufficiency of the motion to dismiss cannot be raised for the first time on this appeal.

■■ The second principal issue in this case is whether plaintiffs' amended complaint states a cause of action. After examination of the record it is obvious that it is necessary to treat counts one and four separately from counts two and three. Arguments are made by both parties as to the existence of a duty chargeable to defendant. The resolution of the sufficiency of the complaint as to counts one and four need not deal with the existence of such a duty, since it is obvious on the face of both counts that no duty of any kind is alleged by plaintiffs. Accordingly, we hold here that the trial court's granting of the motion to dismiss as to counts one and four is affirmed.

Counts two and three differ from counts one and four in that the former contain allegations of the existence of a duty owed by defendants to plaintiffs. The issue is whether the alleged duties claimed in these two counts do in fact exist at law. The factual questions arising from the allegations contained in these counts are not to be decided by this court. Our function here is to determine whether, accepting all facts well-pleaded as true, counts two and three set forth a theory of legal liability.

Count two alleges that if defendants own an easement for drainage across plaintiffs' property, then defendants have a duty to repair and maintain the tile drain, and, in the alternative, that if defendants do not own an easement for drainage across the plaintiffs' property, then plaintiffs have a right to remove the tile drain. The prayer for relief in count two is consistent with the allegations in that count.

In count three plaintiffs alleged that if the tile drain is a mutual benefit drain, then it constitutes an easement, and defendants have a contractual duty to repair the tile drain. Again, plaintiffs' prayer for relief is consistent with the allegations in the count.

■■ The issue now becomes whether there is in law a duty of the owner of an easement to repair a tile drain as exists in this case. There is also a question as to whether, if there is no easement, plaintiffs have a right to remove the tile drain. We need not decide here whether there is in fact an easement, although the trial court in its lengthy opinion seems to have resolved many factual issues against plaintiffs. Since plaintiffs asked for the total costs of repair, defendants argue such a prayer would prevent plaintiffs from using any theory of liability predicated upon the sharing of costs. It should be noted that in the prayer for relief in both counts two and three plaintiffs asked for such other and further relief as the court may deem equitable and proper. Plaintiffs and this court are not bound by requests for total repair costs. We do not intend to imply

that such costs should be granted to the plaintiffs, for there are questions of fact in this case which must be decided by the lower court.

The existence of a duty at law is recognized in case law as cited by plaintiffs. We refer to *Murtha v. O'Heron*, 178 Ill.App. 347 (1913), which recognizes the duty of an owner of an easement to keep it in repair.

For the foregoing reasons the judgment of the circuit court of Hancock County is affirmed in part and reversed in part and remanded for proceedings in accordance with this opinion.

Affirmed in part, reversed in part and remanded for further proceedings.

ALLOY, P. J., and DIXON, J., concur.