GERILL CORPORATION, Plaintiff-Appellant, *v.* DONALD T. SUTTE, JR., Defendant-Appellee.

Second District (1st Division) No. 75-433

Opinion filed August 20, 1976.

Lloyd E. Dyer, Jr., of Donovan, Atten, Mountcastle, Roberts & DaRosa, of Wheaton, for appellant.

Calvert J. Gordon, of Chicago, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff sued for the return of a $5000 earnest money deposit made in connection with an oral contract to purchase land which was not completed. Following presentation of plaintiff's evidence at trial, the trial court directed a verdict and entered judgment in favor of the defendant from which the plaintiff appeals.

The president of the plaintiff corporation, Gerald Heinz, testified that in April of 1972 plaintiff had orally agreed to purchase the land from defendant for $142,500. To evidence its interest the corporation gave defendant a $5000 check as earnest money. Heinz said that it was agreed that a written contract would be prepared making the purchase subject to satisfactory soil tests, building permits, adequate sewer and water service; and that defendant said that his secretary would draw up a contract containing these conditions but did not do so. He testified that at the time of the delivery of the check, it was his intention to build a number of four-flat apartment buildings and that he made these plans known to Sutte; that following delivery of the check, he consulted with an architect and engineer to determine the feasibility of construction and in May of 1972, completed plans for construction of 20 four-flat apartment buildings, although the special use which had been granted in 1969 allowed construction of three buildings with 99 units. Heinz testified that a soil test report indicated that approximately 25% of the property was not recommended for building and an additional 25% would require extraordinary expense because of deep foundations required. He also found that the water supply would be inadequate for multifamily use because of lack of pressure; that two of the existing 7.3 acres were within the flood plain and could not be used for construction. Heinz testified that because of these problems, he determined that it would be economically unfeasible to build four-flats or to purchase the property for $142,500 and requested a return of the deposit. He said that defendant asked him to continue with his findings because the same problems would be coming up in case he sold the property to someone else. He said that despite numerous demands, defendant did not return the deposit and the property was eventually sold to another.

The defendant, the beneficial owner of the property, testified in adverse examination that the closing date of the contract was to be in June or July but that he had never agreed to prepare a written contract. He testified that the only condition was that the soil tests would be adequate

to support three 33-unit buildings as provided for in the zoning ordinance and with that exception the property was to be purchased "as is." Defendant testified that at the time of the delivery of the check he was unaware that the plaintiff intended to build anything other than three 33-unit buildings. There was also testimony that plaintiff did not provide the city engineer with a program of construction designs or architectural layouts. There was further testimony that the sanitary district would have provided the necessary facilities but that plaintiff was not satisfied with the sewer and water conditions.

In contending that the trial court erred in entering a judgment in favor of the defendant on this evidence, plaintiff argues that the defendant is not entitled to retain the earnest money since there was no written contract of sale, no oral agreement of the parties relative to forfeiture of the earnest money, nor any evidence of benefit to the plaintiff or loss by the defendant. The defendant contends that since he agreed to perform the contract according to the oral terms, the plaintiff having wrongfully repudiated the contract is not entitled to a return of earnest money.

■■ In *Crabtree v. Welles*, 19 Ill. 55, 56 (1857), the court stated the rule:

> "The law is, that one who advances money in part payment of a parol purchase of land, cannot recover it back, till he has offered to fulfill the parol agreement, and the other party has repudiated it by refusing to perform.
>
> If he repudiates it himself, without the default of the other party, he must lose what he has paid. Such parol agreement is not absolutely void, but is only voidable, and is binding on both parties, and may be enforced either in a court of law or equity, unless the statute of frauds be interposed, to relieve the party from his obligations under it."

See also *Automotive Material Co. v. American Standard Metal Products Corp.*, 232 Ill. App. 532, 556-57 (1924); *Brockhausen v. Bowes*, 50 Ill. App. 98, 99 (1892).

Plaintiff argues, however, that the quoted rule is applicable when payments are made on an oral contract for sale based on the implied promise to proceed with the terms of the oral contract, unenforceable under the Statute of Frauds, but does not apply here because there is no evidence that the $5000 deposit is part payment on the contract. He relies upon *Falls v. Visser*, 250 Ill. App. 481 (1928), for the rule that the deposit must be attributed to a contractual obligation and must be identified as a part payment of the purchase price to permit retention in absence of a specific agreement as to forfeiture.

*Falls v. Visser* stands for the proposition that if there is no meeting of the minds on the terms of a contemplated sale of real estate, the plaintiff is

entitled to a return of his money; and the Statute of Frauds is not involved. (See *Lee v. Conroy*, 13 Ill. App. 3d 694, 695 (1973).) If, however, an agreement has been reached which does not satisfy the statute of frauds because it has not been reduced to writing, the purchaser cannot recover money paid upon the purchase price if the seller is willing and able to perform his agreement. See *Lee v. Conroy*, at 695-96; see also Annot., 169 A.L.R. 187 (1947).

■■ Plaintiff's argument that the $5000 was not paid on the executory contract but was merely an expression of his interest and intent conditioned on an agreement which was never consummated is not supported by the evidence.

■■ A motion to dismiss at the close of the plaintiff's evidence must be denied if there is any substantial evidence tending to prove plaintiff's allegations in his complaint. (See *City of West Frankfort v. Fullop*, 6 Ill. 2d 609, 617 (1955); *Jordan/Tamraz/Caruso/Advertising, Inc. v. Parker Career Center*, 10 Ill. App. 3d 247, 248 (1973); *Russow v. Bobola*, 2 Ill. App. 3d 837, 849 (1972).) However, this does not aid the plaintiff in this case. The plaintiff's theory that no agreement was ever reached and that the $5000 was not a deposit on a contract is not supported by the weight of the evidence and even appears to be inconsistent with its pleadings. In the complaint, after describing the property, plaintiff stated that "on April 22, 1972, Plaintiff and Defendant entered into an agreement and [*sic*] the purchase of same by Plaintiff." It was further stated that the delivery of the check was for earnest money "in consideration of the agreement and subsequent delivery of the contract." The use of the term "earnest money" in the context of the oral agreement appears to be synonymous with a first payment on the purchase which in normal usage would have been credited on the contract if consummated.

■■ The court, in ruling on the motion to dismiss, under section 64(3) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 64(3)) must weigh the evidence including any evidence favorable to the defendant. (See *In re Estate of Pomeroy*, 21 Ill. App. 3d 648, 651 (1974); *Gray v. Schottmiller*, 18 Ill. App. 3d 812, 815 (1974).) It is clear that the trial judge granted the motion to dismiss based on his findings that while the oral contract was not enforceable under the Statute of Frauds, an agreement had been reached which had not been repudiated by the defendant and that $5000 had been paid down on the purchase price. These findings on the record are not against the manifest weight of the evidence and we therefore affirm.

Affirmed.

GUILD, P. J., and HALLETT, J., concur.