L. E. Nagel, Plaintiff-Appellant, v. Audrey D. Wagner and Patricia J. Wagner, Defendants-Appellees.

Gen. No. 64–F–16.

Fifth District.

February 18, 1964.

Russell H. Classen, of Belleville, for appellant.

Conn & Clendenin, of Sparta, for appellees.

WRIGHT, JUSTICE.

The plaintiff, L. E. Nagel, is appealing from an Order of the Circuit Court of St. Clair County, Illinois, vacating a default judgment entered against the defendants, Audrey D. Wagner and Patricia J. Wagner.

The plaintiff filed a complaint against the defendants to recover money allegedly due on a written farm lease. Defendants filed an answer admitting that they had possession of the farm described in the lease but denied that any rents were unpaid, and filed a counterclaim alleging that various sums were due from the plaintiff to the defendants and prayed that said sums be set off against any claim for rentals due on account of the farm lease executed between the parties. Plaintiff filed a reply to the counterclaim.

The case was first called to be set for hearing in the last week of October of 1962. At that time, the attor-

neys for the plaintiff and the defendants mutually consented to a continuance of the case generally until January 1963, without any specific date being set by the court for the cause to be heard. The cause was later set for hearing on January 2, 1963. Notice in writing of this setting was received by the plaintiff's attorney from the Clerk of the Circuit Court. Neither the attorneys for the defendants, nor the defendants themselves, received such notice or had any knowledge of the setting of this cause for trial on January 2, 1963.

On January 2, 1963, the plaintiff and his attorney appeared in the Circuit Court of St. Clair County and obtained a default judgment against the defendants in the amount of $5,637.08, including attorney's fees in the amount of $1,358.33.

On April 10, 1963, defendants filed a verified petition to vacate the judgment, with four letters attached thereto. In opposition to said petition to vacate the judgment, plaintiff filed a verified motion to dismiss the petition to vacate the judgment, with a letter from defendants' counsel attached thereto.

The trial court overruled the motion to dismiss the petition to vacate the judgment and allowed the petition to vacate and entered an order vacating the judgment of January 2, 1963, from which order plaintiff appeals.

The plaintiff contends that the trial court abused its discretion in entering the order vacating the judgment for the reason that the defendants' petition failed to show (1) that the defendants acted with diligence, and (2) a meritorious defense to plaintiff's complaint.

Motions to vacate default judgments, made within term time, have developed a number of basic rules. The motion or petition should show a meritorious defense and a reasonable excuse for not having made that defense in due time. The object is that justice be done between the parties and one party is not per-

4

mitted to obtain and retain an unjust advantage. The motion is addressed to the sound discretion of the court and it is only when there is an abuse of discretion that a reviewing court will interfere. Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525.

Since Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350, the pattern of liberality in vacating default judgments in term time has been definitely expanded to include proceedings brought under Section 72, Chapter 110, Illinois Civil Practice Act, to set aside default judgments entered more than thirty days prior to the filing of the petition to vacate such judgments. As in petitions filed within term time, the after term time petition and supporting affidavit must adequately set forth sufficient facts to show a meritorious defense and due diligence. Dann v. Gumbiner, supra.

■ The defendants had filed an answer and a counterclaim to the plaintiff's complaint in due time and the cause was at issue. The counterclaim set forth in detail defendants' defense and right to set off against the claim of plaintiff. The petition to vacate the judgment filed herein by the defendants briefly referred to the material and labor expended by the defendants at the plaintiff's request and to the plaintiff's failure to properly credit these expenditures and certain government checks as payments under the terms of the lease. The petition directed the trial court's attention to the more detailed recitation of the facts of the defendants' defense as set forth in the pleadings. This incorporation by reference of the pleadings adequately set forth sufficient facts to show a meritorious defense.

■ Concerning whether or not the defendants or their attorneys acted with diligence, it is admitted that neither of them received a notice of the setting of this case for trial on January 2, 1963. The first knowledge that defendants or their attorneys had of the setting or the default judgment was contained in a letter of March 27, 1963, from counsel for the plaintiff to

counsel for the defendants informing them of the judgment. It is further admitted that no notice was received by the defendants from the Clerk of the Court pursuant to Ill Rev Stats, c 110, § 50.1. This section of the Civil Practice Act requires that the Clerk shall immediately notify each party who has appeared or his attorney of record of an order of default entered against him. While this section further provides that the failure of the Clerk to so notify a party will not affect the validity of the order, the obvious purpose of the same is to alleviate the injustice that results when such orders of default are entered without notice to a party who has appeared.

We find that the defendants and their attorneys acted with due diligence. The attorneys for the defendants were not guilty of any negligence in any respect. Their first knowledge of the default judgment was obtained in a letter to them on March 27, 1963, and they filed a verified petition to vacate the judgment on April 10, 1963.

■ We believe the petition and its supporting affidavit sufficiently presented to the trial court a situation which was addressed to the equitable powers of the court and required the exercise of such powers in order to prevent injustice. Dann v. Gumbiner, supra. The power to set aside a default judgment and permit a defendant to have his day in court is based upon substantial principles of right and wrong and is to be exercised for the prevention of injury and the furtherance of justice. Busser v. Noble, 8 Ill App2d 268, 131 NE2d 637.

We conclude that the trial court in the exercise of its sound discretion properly entered the order vacating the judgment.

Judgment affirmed.

DOVE, P. J. and REYNOLDS, J., concur.