Joseph L. Sunderland, as an Individual, and Joseph L. Sunderland, Inc., an Illinois Corporation, Plaintiffs-Appellees, v. Future Investments, Inc., an Illinois Corporation, and State Life of Illinois, an Illinois Insurance Corporation, Defendants-Appellants.

Gen. No. 11,123.

Fourth District.

March 18, 1970.

Swain, Johnson & Gard, of Peoria (Jack C. Vieley, of counsel), for appellants.

Giffin, Winning, Lindner, Newkirk & Cohen, and Melvin Routman, of Springfield (Herman G. Bodewes, of counsel), for appellees.

CRAVEN, P. J., delivered the opinion of the court. This appeal was granted, pursuant to Illinois Supreme Court Rule 308, to defendants-appellants from an order

of the Circuit Court of Sangamon County reinstating the cause upon motion of plaintiffs after the cause had been dismissed for want of prosecution.

This action was commenced by complaint filed February 21, 1966. Thereafter, on March 23, 1966, defendants filed answer. On April 15, 1966, plaintiffs filed a motion to strike affirmative defenses of defendant, Future Investments, Inc. On December 29, 1967, plaintiffs filed notice of discovery deposition. No further action appeared of record until September 12, 1968, when the court on its own motion entered a rule on plaintiffs to show cause within thirty days why the cause should not be dismissed for want of prosecution. No notice was given plaintiffs of the entry of this rule. On November 6, 1968, the cause was dismissed by the trial court for want of prosecution. Plaintiffs received actual knowledge of the involuntary dismissal on November 24, 1968. No action was taken until January 7, 1969, when plaintiffs filed a petition to reinstate the cause.

On January 27, 1969, defendants filed a motion to strike the petition to reinstate. The trial court heard oral arguments on defendants' motion and on plaintiffs' petition. On February 24, 1969, it entered its order denying defendants' motion, allowing plaintiffs' petition, and reinstating the cause. Thereafter defendants filed an application for leave to appeal, which this court granted.

Appellants here, as in the trial court, contend that under the applicable statutes and Supreme Court Rules, the trial court had no jurisdiction to reinstate the cause since more than thirty days had elapsed from the entry of the judgment of dismissal for want of prosecution. Appellants rely upon section 50(5) of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 50(5)) and Pape v. Department of Revenue, 40 Ill2d 442, 240 NE2d 621 (1968). Appellants further contend that the dismissal of the cause operated as an adjudication on the merits

under Supreme Court Rule 273 (Ill Rev Stats 1967, c 110A, par 273). Finally, appellants, for the first time on appeal, contend that plaintiffs' petition to reinstate the cause was insufficient to be considered as a petition under section 72 of the Civil Practice Act since it failed to allege any fraud, mistake, fundamental unfairness or unconscionable behavior on the part of defendants or the trial court.

██ We do not perceive that the contention that the dismissal operated as an adjudication on the merits determines the matter. It will be observed that Supreme Court Rule 273 (effective January 1, 1967) provides that an involuntary dismissal operates as an adjudication upon the merits other than dismissal for certain reasons and unless the order itself or a statute otherwise specifies. However, Section 24a of the Limitations Act (Ill Rev Stats 1967, c 83, par 24a) expressly provides that a new suit can be commenced within one year or within the remaining period of limitation, whichever is greater, after an action is dismissed for want of prosecution.

██ Plaintiffs' petition to reinstate the cause set forth that no notice was given plaintiffs of the pendency of the dismissal or of the dismissal order. While section 50.1(1) of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 50.1(1)) provides that the clerk shall immediately give notice of an order of dismissal for want of prosecution, it also provides that "the failure of the clerk to give the notice does not impair the force, validity or effect of the order."

Certain rules of the Seventh Judicial Circuit in force at the time provided:

> "When there has been no action on any case for two years or more the case may be summarily dismissed by the appropriate Presiding Judge. A mo-

tion to reinstate shall be brought before the Judge dismissing same.

. . . . . .

"All civil cases, law or chancery, filed in the year 1966 or in earlier years must either be concluded or on the active trial calendar by December 31, 1969, or the cause will be dismissed.

"The Clerks of this Circuit are directed to send a copy of this order to each attorney in their respective counties and to all attorneys outside their counties who are listed as an attorney for any plaintiff.

. . . . . .

"Notice of all proceedings in an action shall be given to all parties who have appeared and have not been found by the Court to be in default for failure to plead. Notice of hearing on a motion shall precede the date set for the hearing on the motion by a reasonable length of time. Exceptions to the above will be made in accordance with Supreme Court Rule 104.

"When a case is at issue and is ready for trial either counsel may certify same only on an appropriate form, specified as Appendix A, to the Circuit Clerk. Thereafter, the Pre-trial Judge shall send a notice to counsel of the pre-trial date.

"If the Pre-trial Judge determines that the case is ready for trial, said cause shall be placed on the trial calendar for a specific month."

■■ ■■ Plaintiffs' petition to reinstate, filed as a verified petition in the same proceeding and within two years after the entry of the order of dismissal, and based upon the failure of the clerk to give notice, was sufficient to be considered a petition for relief under sec-

tion 72 of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 72). Defendants raised no question in the trial court of the form or sufficiency of the petition but raised only the question of jurisdiction of the trial court. Thus, as was stated in Maierhofer v. Gerhardt, 29 Ill App2d 45, 172 NE2d 201, 202 (2nd Dist 1961), where a similar situation was presented, "He cannot for the first time in this Court question the sufficiency of the petition. (Citing cases.)"

■ Plaintiffs' petition was addressed to the court's discretion, and in passing on the issues raised the court could exercise equitable powers. Numerous decisions have held that reinstatement of a cause dismissed for want of prosecution or vacating default orders is proper where a verified petition shows failure of the giving of notice. Halter v. Schoreck, 69 Ill App2d 104, 216 NE2d 278 (1st Dist 1966); Maierhofer v. Gerhardt, supra; Stackler v. Village of Skokie, 53 Ill App2d 417, 203 NE2d 183 (1st Dist 1964); Nagel v. Wagner, 46 Ill App2d 2, 196 NE2d 728 (5th Dist 1964).

We do not deem that the rule of these cases has been changed by the late decision of Fennema v. Vander Aa, 42 Ill2d 309, 247 NE2d 409 (1969), where the Supreme Court affirmed an order of the circuit court denying a petition to vacate an order of dismissal, based upon only an allegation that the plaintiff's attorney did not receive notice. The court there held that such an allegation was entirely consistent with the fact that adequate notice had been given.

■ In the instant case it appears that the order of dismissal was contrary to the court's own rules. At the time of the entry of the rule to show cause on September 12, 1968, neither party had certified the cause ready for trial, nor had the pretrial judge determined it ready for trial. Further, under the court's rule, the cause was not subject to dismissal for want of prosecution until December 31, 1969. Local attorneys had a right to rely

on these rules. At any rate, in view of these rules and the failure to give notice of the rule to show cause and of the dismissal order, the trial court, when advised of these facts, reinstated the cause in accordance with basic concepts of equity and justice. We cannot say that the trial court abused its discretion in reinstating the cause under these circumstances. The order vacating the dismissal should be affirmed and the cause reinstated in the trial court for further proceedings.

Order vacating dismissal affirmed and cause remanded with directions to reinstate cause and for further proceedings.

SMITH and TRAPP, JJ., concur.