CARL C. MOTTLER, Guardian of the Estate of LLOYD FRANKLIN MOTTLER, Incompetent, Plaintiff-Appellant, v. SPRINGFIELD SPEEDWAY, INC. et al., Defendants-Appellees.

(No. 11179;

Fourth District—April 30, 1971.

Traynor & Hendricks, of Springfield, and James A. Dooley, of Chicago, for appellant.

Graham & Graham, of Springfield, and Peterson, Lowry, Hall, Barber & Ross, of Chicago, for appellees.

Mr. JUSTICE REARDON delivered the opinion of the court:

This Court is asked to review a decision of the Circuit Court of Sangamon County, which dismissed a personal injury action pursuant to a circuit-court rule and thereafter refused to reinstate the cause.

On October 10, 1960, the plaintiff, on behalf of an incompetent, filed a complaint for personal injury, seeking a trial by jury in the Circuit Court of Sangamon County. The complaint charged that the incompetency was caused by injuries received by the incompetent while he was driving a motorcycle in a cycle race at the Springfield Speedway. It is alleged that the defendant was negligent in failing to properly maintain the race track and in failing to warn plaintiff's incompetent of the dangerous condition of the track.

On November 9, 1960, an answer was filed on behalf of the defendant. The answer was in the form of general denial. In the year 1961, appearances were filed by various counsel, and on September 8, a motion was filed by the plaintiff to strike the answer filed by the defendant. On September 25, 1961, an amended answer was filed which raised a special defense to the complaint. The record does not disclose any further activity until September of 1963, when a motion and an affidavit in support thereof were filed. In December of 1963, a motion to strike was filed, and still later, on January 23, 1964, interrogatories were filed. During the year 1964, various motions and notices of depositions and amendments to the amended answer were filed. In 1965, letters of guardianship were issued. Thereafter, the case remained dormant until December 29, 1967, when the Court, on its own motion, dismissed the cause with prejudice for failure to comply with the rule entered on November 15, 1966. The rule referred to was adopted by the judges of the Circuit Court of the Seventh Judicial Circuit and provided that:

"All civil cases filed in the year 1964 or in earlier years must either be concluded or on the active trial calendar by December 31, 1967, or the cause will be dismissed by the court.

"The Clerks of this Circuit are directed to send a copy of this order to each attorney in their respective counties and to all attorneys outside their counties who are listed as attorneys for plaintiffs."

We are informed that the files in the office of the Clerk of the Circuit Court do not affirmatively indicate that the notice of the entry of this order had been sent to plaintiff's Chicago counsel. We are further in-

formed that on April 5, 1967, the judges of the Seventh Judicial Circuit promulgated another rule, which added to the rule of November 15, 1966, the following:

"Motions to reinstate any case dismissed as a result of this rule shall be reinstated for good cause shown on motion presented to the presiding Judge of the county in which it is filed."

No affirmative proof was presented showing that the supplemental rule of November 15, 1966, had been sent to plaintiff's attorneys, although plaintiff's Springfield counsel indicated that such a rule might have been received and overlooked. On November 15, 1968, the judges of the Circuit Court of the Seventh Judicial Circuit entered a rule, stating, in substance, that all cases filed in the year 1966 and prior years must be on the trial docket by December 31, 1968, or they would be stricken, and again directed the Clerks of the Court to notify all attorneys of record of the rule. Notice of this latter rule was given to all of counsel, and thereafter on December 30, 1968, plaintiff's counsel requested the Clerk of the Circuit Court to place the case on the trial docket. A subsequent petition seeking to reinstate the cause was filed and on the 2nd day of May, 1969, the Circuit Court entered an order refusing to reinstate the cause. Subsequently, a motion for leave to file an amended petition for relief of judgment and to vacate a void judgment was filed. Thereafter, on the 2nd day of June, this petition was also denied.

It is the judgment of this Court that the trial court dismissed this case for want of prosecution without notice to the plaintiff, and in so doing the dismissal order was entered two days preceding the time limitation set forth in the court's own rule. It is further our judgment that the decision of this Court in the case of *Sunderland v. Future Investments, Inc.* (4th Dist. 1970), 120 Ill.App.2d 361, 256 N.E.2d 667, is controlling of the issues raised in this appeal.

Accordingly, the judgment of the trial court is hereby reversed. The cause is remanded with directions to reinstate and for further proceedings.

Reversed and remanded with directions.

SMITH, P. J., and CRAVEN, J., concur.