RICHARD W. PRENDERGAST, Plaintiff-Appellant, *v.* SOUTH STICKNEY SCHOOL DISTRICT, Defendant-Appellee.

(No. 57630;

First District—December 13, 1972.

Charles T. Kamin, of Chicago, (Jenner & Block, of counsel,) for appellant.

Scariano and Gubbins, of Chicago Heights, (Bruce C. Mackay, of counsel,) for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County which denied a petition filed pursuant to section 72 of the Civil Practice Act seeking to vacate a dismissal for want of prosecution.

In October, 1965, the plaintiff, Richard W. Prendergast, through his attorney, filed a complaint in the Chancery Division of the Circuit Court of Cook County seeking compensation for architectural services rendered to the defendant, South Stickney School District No. 111, and certain injunctive relief. In February, 1966, the cause was transferred from the Chancery Division to the Law Division. It appeared on the Law Division trial call on January 25, 1971. Counsel for the plaintiff was not present, and the case was dismissed for want of prosecution. Notice of the dismissal was published in the Chicago Daily Law Bulletin, but notice was not sent to the parties of record or their attorneys. In February, 1972, the plaintiff's attorney was served with two notices of depositions to be taken by the School District. As a result of receiving these notices he caused the court file to be examined and learned of the dismissal for the first time on February 18, 1972. Four days later plaintiff filed a petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72), to vacate the dismissal order of January 25, 1971, and to reinstate the cause. This petition was denied, and the present appeal followed.

In his petition, plaintiff's counsel stated that immediately upon learning of the dismissal he examined his office docket and found no entry which would have informed him of the pendency of the case in January, 1971. He stated that the exact cause of this omission could not be ascertained, but that he had represented plaintiff in a similar action entitled *Richard W. Prendergast v. County of Cook*, No. 64L-24410, and that this action and the present case had been assigned the same office file number. The second case was dismissed pursuant to settlement on January 20, 1968, and he presumed that his docket clerk had removed the record of both cases at that time. He further stated that his office handles numerous civil cases and they customarily rely on his office docket for notice of the progress of cases pending on the court calendar. He also set forth that neither he nor his client received notice from the court clerk that the action had been dismissed as required by statute.

An affidavit filed by the defendant's counsel in opposition to the petition set forth that he had personally examined back issues of the Chicago Daily Law Bulletin and had determined that notice of the court call of the case had appeared in the issues for January 12, 15, 18, 21 and 22, 1971, and that notice of the dismissal had appeared in the issue for January 26, 1971.

On appeal the plaintiff also contends that the failure of the clerk's office to give him notice of the dismissal as required by section 50.1 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 50.1), deprived him of actual notice that the case had been dismissed and therefore that the trial court should have granted his petition.

Section 50.1 provides as follows:

> "(1) Upon the entry of an order of default or of dismissal for want of prosecution, the clerk shall immediately give notice thereof to each party who has appeared  *  *  *."

In the present case it is apparent that neither party received such a notice and that neither was aware that the action had been dismissed. Indeed the defendant served the plaintiff with two notices of deposition in February, 1972. Section 50.1 also provides that "the failure of the clerk to give the notice does not impair the force, validity, or effect of the order." However in *Carlstedt v. Kaufman*, 119 Ill.App.2d 322, this court affirmed an order granting relief pursuant to section 72 where the clerk had failed to notify the parties of a dismissal. The Appellate Court stated:

> "[Section 50.1] has a purpose not expressed in its terms  *  *  *. It is to alert a party so that he can act within the time provided for by law and move to set aside a dismissal or default.  *  *  * Its more obvious purpose is to alleviate the injustice which would result if a default or dismissal is entered without notice to a party who has appeared."

Similar results were reached in *Stackler v. Village of Skokie*, 53 Ill.App. 2d 417, and *Sunderland v. Future Investments, Inc.*, 120 Ill.App.2d 361.

The defendant argues that this is a case in which the dismissal resulted from the plaintiff's inadvertent failure to follow the case and thus that it is controlled by *Esczuk v. Chicago Transit Authority*, 39 Ill.2d 464, and *Fennema v. Vander Aa*, 42 Ill.2d 309. We believe however, that the facts of the present case are distinguishable from those of *Esczuk* and *Fennema*. In the present case there is no evidence that the failure of plaintiff's attorney to be altered by the notices published in the Chicago Daily Law Bulletin was due to neglect or to an indifference to the progress of the case. The record indicates that the plaintiff's attorney employed an office docket system which would have informed him of the developments in the case had a clerical error not been made. In addition, plaintiff filed his petition under section 72 immediately upon learning of the dismissal. Under the circumstances we cannot say that he lacked diligence in following the case.

The facts presented by the petition show a unique set of circumstances unlikely to occur again. We believe that in fairness the equitable powers

338

of this court should be exercised to prevent injustice. As we stated in *Dann v. Gumbiner*, 29 Ill.App.2d 374:

"Stability of judgments must be preserved, but with the increase in litigation, mistakes are bound to occur, and  *  *  *  [t]he petition may be 'addressed to the equitable powers of the court, when the exercise of such power is necessary to prevent injustice.'"

For these reasons the order of the Circuit Court of Cook County dismissing plaintiff's petition for relief under section 72 is reversed and the cause is remanded with instructions to grant the petition and reinstate the cause on the trial calendar.

Reversed and remanded with directions.

DIERINGER, P. J., and ADESKO, J., concur.