ELECTRICAL WHOLESALERS, INC., Plaintiff-Appellee, *v.* HERMAN M. SILVERSTEIN *et al.*, Defendants-Appellants.

First District (1st Division)   No. 76-366

Opinion filed April 4, 1977.

Feiwell, Galper & Lasky, Ltd, of Chicago (George S. Feiwell and Michael A. Braun, of counsel), for appellants.

Schiller & Schiller, of Chicago (Sidney S. Schiller and John F. Martoccio, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Electrical Wholesalers, Inc., on August 18, 1970, filed suit against defendants, Herman M. Silverstein and Bea L. Silverstein, for money due and owing on the purchase of electrical fixtures from plaintiff. Summons was returned not found on September 13, 1970. The first of plaintiff's eight alias summonses was placed with the sheriff on September 22, 1970, and returned not found on October 22, 1970. The second alias summons (November 9, 1970) was returned not found on December 10, 1970. On February 18, 1971, the third (January 8, 1971) was returned not found. The fourth (March 4, 1971) was returned without service on March 30, 1971. The fifth (June 21, 1971) was returned not served on August 4, 1971. On August 24, 1971, the sixth alias summons was placed with the sheriff and returned served on September 9, 1971. Defendants filed a special appearance and moved to quash service on October 26, 1971. On March 13, 1972, after two continuances, the trial court granted defendants' motion and ordered another alias summons issued. On August 14, 1972, a special process server was appointed. The seventh alias summons, too, was returned not found. Subsequently, plaintiff's counsel and the process servers spoke to Herman Silverstein by telephone but were unable to serve him personally. An eighth alias summons was served on Herman Silverstein with the help of Federal marshals after he left the Federal grand jury on March 14, 1973. On April 16, 1973, defendants filed

a motion to dismiss for failure to exercise due diligence in serving defendants. The trial court, on July 9, 1973, denied defendants' motion and ordered them to plead within 30 days. The cause was set for trial in Room 1112 on October 15, 1973. Defendants filed an answer, counterclaim and jury demand.

On October 12, 1973, plaintiff's attorney, upon inquiring of the clerk in Room 1112 as to the status of the cause in view of defendants' jury demand, was informed that the cause would automatically be transferred to the jury call in Room 1304. General Order No. 71-10 of the circuit court of Cook County so provided. The case was dismissed for want of prosecution on October 15, 1973, in Room 1112. It appears that plaintiff received no notice of the dismissal, as required by the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50.1). Periodically, plaintiff's attorney had checked the calendar for Room 1304. When the case failed to appear, further inquiry was made and a search instituted for the file in February of 1974. The file was located in March 1974. Plaintiff's attorney checked the half sheet and, under the portion headed "Orders Entered", he found no order disposing of the case. He thereafter served a deposition notice on defendants' attorney. By letter dated April 3, 1974, defendants' attorney notified plaintiff's attorney that the case had been dismissed on October 15, 1973. This was the first notice of the dismissal received by plaintiff. An examination of the file showed that an entry had been made on the half sheet, on the portion headed "Papers Filed and Writs Issued", that the case was DWP on October 15, 1973. This entry, in addition to being under the wrong heading, was out of chronological sequence between an entry of May 18, 1973, and one of August 28, 1973.

Plaintiff filed a new suit against defendants on April 30, 1974, alleging the same cause of action as the 1970 complaint. A summons was issued on April 30, 1974, and returned not found on June 5, 1974. Alias summonses were issued in July, October and November, 1974, but plaintiff was unable to obtain service. Plaintiff finally obtained jurisdiction over defendants by means of an attachment in aid on February 4, 1975. Plaintiff served interrogatories on defendants on March 6, 1975, but no response was ever filed. Defendants deposed certain of plaintiff's officers and employees on May 8, 1975. Defendant Bea Silverstein's deposition, scheduled for May 19, 1975, was continued to June 17, 1975, on her motion and was reset for July 7, 1975, at her request. She did not appear. Plaintiff moved to strike defendants' pleadings and enter judgment for plaintiff because of defendants' failure to comply with discovery. On July 11, 1975, defendants moved to dismiss the 1974 complaint on the ground that it was barred by the statute of limitations of article 2 of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 2—725).

On July 25, 1975, plaintiff filed in the 1970 case a verified section 72

petition, supported by affidavit (Ill. Rev. Stat. 1975, ch. 110, par. 72), and defendants filed a motion in opposition. The petition and affidavit set out the facts above stated. At the hearing on the section 72 petition, plaintiff took a voluntary nonsuit in the 1974 case. After a hearing and consideration of arguments and memoranda, the trial court, on October 8, 1975, vacated the dismissal of October 15, 1973. Defendants' timely motion for rehearing was denied.

From the orders vacating the dismissal and denying a rehearing, defendants appeal and raise two issues: (1) whether the trial court erred in granting plaintiff's section 72 petition and (2) whether the petition should have been denied due to the pendency of a prior action between the parties.

■■■ Defendants argue that the trial court improperly granted plaintiff's section 72 petition because the plaintiff was not diligent and section 72 was not intended to relieve the petitioner of the consequences of his own mistake. A section 72 petition is addressed to the equitable powers of the court. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348; *Ellman v. De Ruiter* (1952), 412 Ill. 285, 106 N.E.2d 350.) Section 72 relief is granted to achieve justice. (*Elfman; Ellman.*) A liberal construction is used to achieve that end. (*Park Avenue Lumber & Supply Co. v. Nils A. Hofverberg, Inc.* (1966), 76 Ill. App. 2d 334, 222 N.E.2d 49.) Although a party may not have exercised due diligence, he may still receive section 72 relief. (*George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684.) The conduct of the party opposing a section 72 petition may be considered. (*Hall v. Hall* (1973), 15 Ill. App. 3d 599, 304 N.E.2d 763.) Section 72 relief is proper if a party was defaulted or a suit dismissed for want of prosecution without notice to him. (*Prendergast v. South Stickney School District* (1972), 9 Ill. App. 3d 335, 292 N.E.2d 161; *Libert v. Turzynski* (1970), 129 Ill. App. 2d 146, 262 N.E.2d 741; *Sunderland v. Future Investments, Inc.* (1970), 120 Ill. App. 2d 361, 256 N.E.2d 667; *Carlstedt v. Kaufmann* (1970), 119 Ill. App. 2d 322, 256 N.E.2d 146; *Mutual Truck Parts Co., Inc. v. Nelson* (1966), 69 Ill. App. 2d 30, 216 N.E.2d 301.) This court will reverse the trial court's section 72 order only if the trial court abused its discretion. *Taylor v. City of Chicago* (1975), 28 Ill. App. 3d 962, 329 N.E.2d 506; *Nagel v. Wagner* (1964), 46 Ill. App. 2d 2, 196 N.E.2d 728.

■■ The record shows that plaintiff has diligently pursued its rights since the filing of the original complaint. Nine attempts were made to serve defendants, both at their tight-security high-rise apartment and at defendant Herman Silverstein's downtown bank office, before effective service resulted. The record reflects that plaintiff had no notice of the entry of the order of dismissal. The case was set for a jury trial on October 15, 1973, but the record shows that the dismissal order was entered in a

courtroom where no municipal division jury trials were held. Plaintiff's attorney tried to determine the status of the case but could not locate the court file in the clerk's office. When informed of the dismissal, plaintiff promptly filed another complaint. After three unsuccessful attempts to serve defendants with summons, plaintiff obtained jurisdiction over defendants by means of an attachment in aid. Soon after it appeared that the 1974 complaint might be unavailing because of the statute of limitations, plaintiff filed its section 72 petition. In contrast to plaintiff's diligence to obtain a trial on the merits is defendants' evasion of service and although defendants requested and received discovery, defendant Bea Silverstein failed to appear for her deposition. On this record we cannot find that the trial court abused its discretion by vacating the October 15, 1973, dismissal for want of prosecution.

■■ Defendants also contend that the section 72 order was improperly granted because plaintiff's 1974 complaint was a "prior action" barring section 72 relief. Section 2—725 of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 2—725) prohibits the filing of an action subsequent to a dismissal for want of prosecution. (Ill. Rev. Stat. 1975, ch. 26, par. 2—725(3); see Ill. Ann. Stat., ch. 26, par. 2—725, Illinois Code Comment, at 613-14 (Smith-Hurd 1963).) If this section is applicable to bar the 1974 suit, that suit cannot be considered a prior action under section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48(1)(c)) in relation to a section 72 petition to vacate the dismissal of the 1970 suit. Defendants cannot on the one hand say that the 1974 suit is barred by the Uniform Commercial Code and then, on the other hand, say that, even though barred, it is a prior action under section 48(1)(c) of the Civil Practice Act. Defendants cannot have it both ways.

The order of the circuit court of Cook County is affirmed.

Order affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.