MAXINE MANNING, Mother and Next Friend of Cheryl Manning, a Minor, Plaintiff-Appellee, *v.* JERRY MEIER, Defendant-Appellant.

Fourth District    No. 4—82—0755

Opinion filed May 17, 1983.

Phebus, Tummelson, Bryan & Knox, of Urbana, for appellant.

R.C. Lanto, Jr., of Waaler, Evans, Gordon & Lanto, of Rantoul, for appellee.

JUSTICE MILLER delivered the opinion of the court:
Plaintiff filed a two-count complaint to recover damages for personal injury. The cause was later dismissed by the trial court *sua sponte*. Plaintiff filed a petition for relief from the judgment pursuant to the provisions of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72, now Ill. Rev. Stat. 1981, ch. 110, par. 2—1401 (for purposes of consistency all further references to section 72 will be made instead to section 2—1401, regardless of the date of disposition)). As the result of plaintiff's petition, the trial court allowed reinstatement of the cause. Defendant appeals from the trial court's decision.

Plaintiff, as next friend for her daughter, Cheryl Manning, brought an action to recover for injuries Cheryl suffered in a motorbike-truck accident. Defendant answered, denying plaintiff's allegations. Defendant filed a notice of discovery deposition on July 7, 1978. Defendant served plaintiff with interrogatories on February 11, 1980.

The next item appearing in the case record is a letter from Judge Tucker to all attorneys in the case, dismissing the cause for want of prosecution and giving plaintiff 30 days to move to reinstate. The letter is dated February 15, 1980. The docket entry dismissing the case for want of prosecution was not made until December 31, 1980.

On June 3, 1982, plaintiff filed a petition under section 2—1401 seeking to have the cause reinstated. In his accompanying affidavit, plaintiff's attorney recited the procedural history of the case. Deposi-

tions had been taken pursuant to the notice mentioned above, but had been lost by the stenographic firm involved in the case. On February 25, 1981, plaintiff's attorney wrote to defendant's attorney regarding a retaking of the deposition. Defendant's attorney replied, on February 27, 1981, in a hand-written note at the bottom of plaintiff's original letter. Defendant's attorney indicated he would be available to retake the deposition at any time on 30 days' notice.

Plaintiff's counsel further stated that our supreme court's decision in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886, caused counsel for the parties to discuss the case twice during the summer of 1981. Plaintiff's counsel then sent another letter to defendant's attorney on February 15, 1982. Defendant's attorney, in a letter dated February 16, 1982, replied that his "file was closed" because Judge Tucker had dismissed the case on February 15, 1980.

Defendant moved to dismiss plaintiff's section 2—1401 petition on the grounds that it was not filed within two years of the dismissal for want of prosecution and that plaintiff's petition fails to state a cause of action. A hearing was held on September 21, 1982, and the trial court took the motion under advisement. On September 29, 1982, Judge Tucker denied the motion to dismiss and made the following docket entry:

"Now on this day, ruling on motion to dismiss petition under section [2—1401] heretofore taken under advisement. Motion denied on the ground that the docket sheet reflects that the Court has inadvertently contributed to a confused state of the record, by addressing a letter to plaintiff's attorney, indicating the case had been dismissed for want of prosecution and dated February 15, 1980, while the docket sheet reflects that the dismissal was made on December 31, 1980. Based on that finding, no further action required with regard to section 72 [now section 2—1401]. Cause reinstated for trial by jury."

Defendant raises two issues on appeal: (1) Did plaintiff's section 2—1401 petition state sufficient facts to justify the reinstatement of the cause of action by the trial court; and (2) did the trial court err by failing to allow defendant to file a responsive pleading after the denial of defendant's motion to dismiss plaintiff's section 2—1401 petition.

■ Section 2—1401(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401(a), formerly Ill. Rev. Stat. 1979, ch. 110, par. 72(1)) provides for relief from final judgments after 30 days from entry of the judgment. The purpose of section 2—1401 is to bring facts not of record to the attention of the trial court which, if known by the trial court at the time judgment was entered, would

have prevented its rendition. (*Davis v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 987, 403 N.E.2d 615; *American Reserve Corp. v. Holland* (1980), 80 Ill. App. 3d 638, 400 N.E.2d 102.) The petition invokes the equitable powers of the court as justice and fairness require and should be considered in the light of equitable principles. *Hiram Walker Distributing Co. v. Williams* (1981), 99 Ill. App. 3d 878, 426 N.E.2d 8; *Czekaj v. Czekaj* (1978), 66 Ill. App. 3d 484, 384 N.E.2d 63; *Ambassador Insurance Co. v. Wilson* (1978), 65 Ill. App. 3d 418, 382 N.E.2d 605.

▊ Generally, in order to obtain relief under section 2—1401, petitioner must show that he has a meritorious defense and that he has exercised due diligence. (*Halleck v. Trumfio* (1980), 85 Ill. App. 3d 1051, 407 N.E.2d 867.) Relief will not be granted pursuant to section 2—1401 where the moving party or his counsel has been negligent. (*Canton v. Chorbajian* (1980), 88 Ill. App. 3d 1015, 410 N.E.2d 1166; *Williams v. A.E. Staley Manufacturing Co.* (1980), 80 Ill. App. 3d 981, 400 N.E.2d 724, *rev'd on other grounds* (1981), 83 Ill. 2d 559, 416 N.E.2d 252.) Recent cases indicate that these requirements need not always be applied in a strict manner; when justice and fairness require, a judgment may be vacated even though the requirement of due diligence has not been satisfied. *Canton; Lutz v. Lutz* (1977), 55 Ill. App. 3d 967, 371 N.E.2d 348.

The applicability of section 2—1401 to judgments of dismissal for want of prosecution entered either *ex parte* or on the trial court's own motion has been the subject of several appellate court cases. In *Electrical Wholesalers, Inc. v. Silverstein* (1977), 47 Ill. App. 3d 689, 365 N.E.2d 375, plaintiff brought suit against defendant for sums due under a contract. The case was set for trial on October 15, 1973, in a specified courtroom. On October 12, 1973, plaintiff's attorney asked the clerk assigned to that courtroom about the status of the case. The clerk informed plaintiff's attorney that the case would be transferred to another courtroom, as provided by a general order of the circuit court of Cook County.

The case was dismissed for want of prosecution in the first courtroom on October 15, 1973. Plaintiff did not receive notice of this dismissal. Periodically, plaintiff's attorney would check the calendar for the second courtroom. Finally, a search for the court file was instituted and the file was discovered in March of 1974. No entry was found in the file dismissing the case. Plaintiff's attorney noticed a deposition in April 1974 and was informed by defendant's attorney that the case had been dismissed on October 15, 1973.

Plaintiff filed a section 2—1401 (formerly section 72) petition

along with an affidavit. The trial court vacated the dismissal and defendant filed an appeal. The appellate court upheld the vacation of the dismissal. The court held that the section 2—1401 relief was proper when a party had been defaulted or had his case dismissed for want of prosecution without notice to him. The court found that the record supported the contention that plaintiff had diligently pursued its rights during the proceedings. See also *Prendergast v. South Stickney School District* (1972), 9 Ill. App. 3d 335, 292 N.E.2d 161; *Carlstedt v. Kaufmann* (1970), 119 Ill. App. 2d 322, 256 N.E.2d 146.

This court was confronted with facts similar to those presented to the trial court in *Sunderland v. Future Investments, Inc.* (1970), 120 Ill. App. 2d 361, 256 N.E.2d 667. In *Sunderland*, plaintiff filed his complaint on February 21, 1966. Defendants filed their answer on March 23, 1966. On December 29, 1967, plaintiff noticed a deposition. No other action took place until September 12, 1968, when the trial court issued a rule to show cause why the cause should not be dismissed for want of prosecution. Plaintiff did not receive any notice of the issuance or entry of the rule. On November 24, 1968, plaintiff discovered that the cause had been dismissed. Plaintiff filed a section 2—1401 petition on January 7, 1969. The trial court allowed the petition over defendant's motion to strike.

■ This court noted that neither section 2—1302 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1302, formerly Ill. Rev. Stat. 1967, ch. 110, par. 50.1) nor the practice rules of the seventh judicial circuit had been followed. Furthermore, defendant had not questioned the sufficiency of the section 2—1401 petition in the trial court. The court stated that reinstatement of a cause dismissed for want of prosecution is proper when notice was not given to the party affected. In view of the failure to follow established procedures in a dismissal for want of prosecution, the trial court's decision to reinstate the cause was not an abuse of discretion.

■ When a motion to dismiss is filed against a petition for relief under section 2—1401, the motion admits all well-pleaded facts and attacks only the legal sufficiency of the petition. (*Glenn v. People* (1956), 9 Ill. 2d 335, 137 N.E.2d 336; *Alexander Lumber Co. v. Busboom* (1970), 122 Ill. App. 2d 342, 259 N.E.2d 76.) If the allegations presented in the affidavit of plaintiff's counsel are taken as true and correct, then the trial court's denial of the motion to dismiss was clearly proper.

■ Attorney Lanto states in his affidavit that he was unaware of the dismissal of the cause until attorney Tummelson's letter of February 16, 1982. He further states that he had no reason to be concerned

about a dismissal for want of prosecution in view of Rule 12 of the sixth judicial circuit which provides that proceedings may be summarily dismissed where there has been no action of record for two years. The record indicates that defendant noticed a discovery deposition on July 7, 1978, and filed interrogatories on February 6, 1980. Lanto also maintains that defendant's counsel engaged in communication and negotiation with him regarding the case throughout 1981.

Plaintiff's section 2—1401 petition was filed within two years from the date of dismissal of the complaint. The facts presented in Lanto's affidavit, if taken as true, constitute sufficient grounds to invoke the equitable powers of the court under section 2—1401. We find that *Sunderland* controls and that defendant's motion to dismiss should have been denied.

Defendant contends, however, assuming the denial of his motion to dismiss was proper, that the trial court erred when it did not allow him to answer plaintiff's petition and to controvert plaintiff's allegations.

■ A petition to vacate a judgment under section 2—1401 commences an entirely new proceeding and is not merely a continuation of the original proceeding. The new proceeding is subject to the usual and ordinary rules of civil practice. (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 433 N.E.2d 253; *Resto v. Walker* (1978), 66 Ill. App. 3d 733, 383 N.E.2d 1361.) Where a motion to dismiss under section 2—1401 is denied, the court should allow the moving party a chance to answer the allegations contained in the petition. (*Reuben H. Donnelley Corp. v. Thomas* (1979), 79 Ill. App. 3d 726, 398 N.E.2d 972.) If the central facts of the petition are challenged by the defendant, a full and fair evidentiary hearing must be held. (*Ostendorf; Mercantile All-In-One Loans, Inc. v. Menna* (1978), 63 Ill. App. 3d 931, 380 N.E.2d 944.) However, the central facts of a section 2—1401 petition are not those which would establish the' underlying action but are facts sufficient to support the grant of relief under section 2—1401. *Yorke v. Steineway Drug Co.* (1982), 110 Ill. App. 3d 1009, 443 N.E.2d 644.

■ Under the circumstances here the trial should first have given defendant an opportunity to respond to plaintiff's 2—1401 petition after the denial of defendant's motion to dismiss the petition. After defendant has responded to the petition, the trial court may then proceed to a disposition of the matter on the merits of the section 2—1401 petition. Since that matter is not before us, we express no opinion with regard to what that disposition should be.

The judgment of the circuit court of Champaign County is vacated

and the cause is remanded for further proceedings consistent with the views expressed in this opinion. Appellee's motion to strike certain portions of appellant's reply brief is hereby denied.

Judgment vacated and cause remanded.

WEBBER, P.J., and TRAPP, J., concur.