ELMHURST NATIONAL BANK, Trustee, *et al.*, Petitioners, v. JOHN LO-
TUS NOVAK, Du Page County Treasurer and County Collector, Respondent-
Appellant (Du Page Bank & Trust Co., Intervening Appellee).

Second District   No. 84—1047

Opinion filed October 25, 1985.

James E. Ryan, State's Attorney, of Wheaton (Keith E. Letsche, Assist-
ant State's Attorney, of counsel), for appellant.

No brief filed for appellee.

JUSTICE STROUSE delivered the opinion of the court:
This is an appeal by the treasurer and county collector of Du
Page County (the collector) from an order of the circuit court per-
mitting Du Page Bank & Trust Company (Du Page Bank) to inter-
vene and awarding the bank a refund of interest paid on certain
delinquent real estate taxes. We reverse.
On November 12, 1980, Elmhurst National Bank, as trustee un-
der trust No. 3775, John F. Daniels, The Terrace Restaurant, and
Donald Rhoton, filed a petition for injunctive and equitable relief
and a petition for a temporary restraining order (TRO) to enjoin the
collection of real estate taxes assessed for the year 1979 on certain
land located in Glen Ellyn. The trial court issued a TRO on that
date, enjoining the collector, John Lotus Novak, from collecting
taxes on the 10 parcels in question. On November 26, 1980, the
court ordered that a temporary injunction be issued to the same ef-

fect.

On February 21, 1981, in a separate action, Du Page Bank sought to foreclose a mortgage on property identified as permanent parcels Nos. 05-11-313-002, 05-11-313-003 and 05-11-313-009 (certain of the parcels covered by the injunction), commonly known as Track 29 Restaurant. A judgment of foreclosure was entered in that action on March 16, 1983. A sheriff's sale was conducted on April 21, 1983, at which Du Page Bank was the successful bidder.

The petition for injunctive and equitable relief in this action was dismissed with prejudice pursuant to an agreed order of dismissal entered on November 7, 1983. The agreed order of dismissal stated that the relief sought by the petitioners had been granted in an administrative hearing before the board of review.

On May 22, 1984, six months after the original parties had dismissed the lawsuit, Du Page Bank filed a post-trial motion and petition to intervene purportedly pursuant to section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401). In its "Motion Requesting Refund of Interest Payment," Du Page Bank stated that on various occasions it sought to pay the 1979 real estate taxes on the three subject parcels, pursuant to the terms of its first mortgage with Track 29, Inc., and John Daniels. On each such occasion, the attempted payment of the taxes was refused by the collector, as required by the prior order enjoining the collection of the taxes on those parcels. The motion of Du Page Bank further stated that in April 1984 the bank first became aware that the order enjoining payment of the taxes had been lifted, and that on April 3, 1984, Du Page Bank paid the 1979 taxes on the three parcels, consisting of $997.45 for principal and $1,781.55 for interest. Du Page Bank asserted in its motion that it was entitled to a refund of the interest penalty imposed since the collector was enjoined from collecting the taxes on the parcels from November 1980 until November 1983. The bank sought permission to intervene for the sole purpose of obtaining a refund of the interest paid and further sought a refund of $1,781.55 from the collector.

The collector responded that Du Page Bank was not entitled to a refund of the interest since it had voluntarily paid the taxes and interest, and that the Bank should not now be permitted to intervene since it failed to intervene in a timely fashion during the pendency of the action.

Following oral argument on the motion, the court took the matter under advisement. On September 28, 1984, the court entered an order granting leave to intervene to Du Page Bank and awarding to

the bank a refund of interest charged and collected on the parcels from November 21, 1980, through November 7, 1983. The collector timely appealed.

We note that Du Page Bank has not filed a brief on appeal, and we review this case in accordance with the principles established in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

The issue before this court is whether the trial court erred in permitting Du Page Bank leave to intervene after judgment had been entered in the action. The collector argues that Du Page Bank was not entitled to intervene six months subsequent to the entry of a final order since it did not timely intervene during the pendency of the action. The collector's position is that the bank, as a mortgage note holder on the subject property, knew or by due diligence should have known that it would be affected by the order enjoining the collection of the 1979 taxes on the property, and, accordingly, the bank was negligent in failing to intervene before the final order of dismissal was entered.

A decision not cited by the collector, *In re Estate of Reilly* (1979), 68 Ill. App. 3d 906, is dispositive of the present case. In *Reilly*, the original trial court action was dismissed. The attorney of one of the parties subsequently filed his post-trial petition to vacate the final order and open the judgment for the sole purpose of allowing him to petition for attorney fees and expenses. This section 72 (now section 2—1401) petition was dismissed by the trial court. On appeal, this court affirmed, holding that the trial court lacked jurisdiction to open the judgment and that, even if jurisdiction existed, the petitioner failed to show he had exercised due diligence.

The *Reilly* court reasoned that the trial court had no jurisdiction to open the judgment because the petitioner-attorney was not a party to the original proceedings. (*In re Estate of Reilly* (1979), 68 Ill. App. 3d 906, 909.) Moreover, the court held that "section 72 was never intended to permit a person not a party to the action to intervene after final judgment and reopen the suit so as to permit a new claim to be filed." (68 Ill. App. 3d 906, 910.) The court further explained that, under Illinois law, a person generally cannot intervene after the rights of the original parties have been determined and a final decree entered. 68 Ill. App. 3d 906, 910.

Under the authority of *In re Estate of Reilly* (1979), 68 Ill. App. 3d 906, Du Page Bank clearly was not entitled to relief under section 2—1401 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401). Du Page Bank was not a party to the original proceedings, nor did

it seek to intervene during the pendency of that action. Instead, Du Page Bank sought to intervene only after final judgment was entered and to reopen the case in order to permit a new claim to be filed. This procedure is expressly violative of the law as set forth in *Reilly*.

Moreover, the relief sought by Du Page Bank (leave to intervene and for a refund of interest payments) is not appropriate under a section 2—1401 petition, because the purpose of that section is to bring facts not of record to the trial court which, if known by the trial court at the time judgment was entered, would have prevented its rendition. (See *Manning v. Meier* (1983), 114 Ill. App. 3d 835, 837-38.) This post-judgment relief is designed to allow correction of trial errors which were unknown to both the court and the parties and would have changed the disposition of the case if known. (*People ex rel. Carey v. Bentivenga* (1981), 83 Ill. 2d 537, 541.) Here, Du Page Bank, by filing its section 2—1401 petition, was not attempting to correct any trial errors or to bring to the attention of the trial court facts which would have prevented the rendition of the original judgment. Du Page Bank's petition instead sought to open the judgment for the purpose of making a new claim against the collector, the original defendant. This procedure does not conform with the purpose underlying a section 2—1401 petition.

Accordingly, we hold that Du Page Bank is not entitled to relief pursuant to section 2—1401 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401). The order of the circuit court of Du Page County is, therefore, reversed.

Reversed.

NASH, P.J., and REINHARD, J., concur.